UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEIGH GLASS,<br><br>                     Plaintiff,<br><br>-against-<br><br>L.A. COUNTY METROPOLITAN TRANSPORTATION AUTHORITY; KEMPER CORPORATION,<br><br>                     Defendant. | 24-CV-0461 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff brings this *pro se* action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. She alleges that on December 22, 2022, she was injured when a car collided with the rail train in which she was riding in Los Angeles, California. Plaintiff brings this suit against the Los Angeles County Metropolitan Transportation Authority (MTA), and Kemper Corporation, which she identifies as the Illinois insurance company that provided automobile insurance coverage to the driver of the car involved in the accident.

      For the following reasons, this action is transferred to the United States District Court for the Central District of California.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).[1]

Plaintiff sues the Los Angeles MTA, and an insurance company located in Chicago, for her claims that arose in Los Angeles, California. Venue does not appear to be proper in this district under Section 1391(b)(1), because nothing suggests that both defendants are residents of New York, where this district is located. Venue under Section 1391(b)(2) is also not proper in this district because Plaintiff alleges that her claims arose in Los Angeles. Venue under Section 1391(b)(2) is proper, however, in the Central District of California, where Plaintiff's claims arose. *See* 28 U.S.C. § 84(c). Transfer of this action to the Central District of California therefore is appropriate. *See* 28 U.S.C. §§ 1404(a), 1406.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Central District of California. 28 U.S.C. §§ 1404, 1406. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

---

[1] For Plaintiff's benefit, the Court notes that for purposes of diversity of citizenship, in a "direct action against the insure of a policy or contract of liability insurance, . . ., to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of – (A) every State and foreign state of which the insured is a citizen," in addition to every state where it is incorporated or has its principal place of business. 28 U.S.C. § 1332(c)(1).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 22, 2024
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge